# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1016V

|  |  |
|---|---|
| GREGORY YATES, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: December 19, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Richard William Zahn, Jr., Joel Bieber Firm, Richmond, VA, for Petitioner.*

*Emily H. Manoso, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION DISMISSING PETITION[1]

On August 14, 2020, Gregory Yates filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act").  Petitioner alleges that he suffered from a shoulder injury related to vaccine administration as a result of an influenza vaccine that he received on August 21, 2018. Petition, ECF No. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters, and was released from Pre-Assignment Review on September 9, 2020. ECF No. 14.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Following the initial status conference in October 2020, Petitioner was ordered to file an amended petition as well as a status report concerning the existence of a Medicaid lien. ECF No. 18. Although Petitioner was given until December 4, 2020 to comply, these documents were not filed until two weeks later (and following a reminder from the assigned staff attorney). ECF Nos. 17, 19; *See* Informal Communication (Remark), entered on December 15, 2020. Shortly thereafter, on March 22, 2021, Petitioner missed yet another deadline – this time for the submission of additional evidence regarding his claim. ECF No. 22. A reminder was issued on April 20, 2021. *See* Informal Communication (Remark), entered on April 20, 2021.

On October 18, 2021, Respondent filed his Rule 4(c) Report recommending that entitlement to compensation be denied. Report at 1, ECF No. 30. A briefing schedule was therefore set for Petitioner to address the issues raised in Respondent's Report by no later than February 28, 2022. ECF No. 31. Once again, however, Petitioner failed to comply with this deadline. Accordingly, on March 18, 2022, Respondent filed a Motion for a Decision Dismissing the Petition on the Record ("Motion"). ECF No. 32. In addition to addressing the alleged factual deficiencies of Petitioner's claim, Respondent noted Petitioner's failure to abide by the briefing order "which afforded him an additional opportunity to present his case." *Id.* at 9. Although Petitioner was ordered to respond to Respondent's Motion by May 2, 2022, he again disregarded the deadline. *See* Scheduling Order (Non-PDF), entered March 30, 2022.

A telephonic status conference was held on December 1, 2022. Richard Zahn appeared on behalf of Petitioner and Emily Manoso appeared on behalf of Respondent. Petitioner acknowledged that the failure to respond to this Court's orders were due to his inability to gather additional evidence in support of his client's claim, and offered no other excuse or explanation for the history of missed and ignored deadlines.

## ANALYSIS

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss

a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Here, as is abundantly evident from the procedural history, Petitioner has repeatedly failed to adhere to the orders in this matter. And he has provided no reasonable justification for his lapses, nor has he provided the evidence and information I noted was necessary to resolve the claim in his favor.

**Accordingly, this case is DISMISSED for failure to prosecute and failure to follow orders. The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master